Dorothy Kowal
Price, Meese, Shulman & D'Arminio, P.C.
50 Tice Boulevard
Woodcliff Lake, NJ 07677
Telephone: (201) 391-3737
Facsimile: (201) 391-9360
Email: dkowal@pricemeese.com

Attorneys for Experian Information
Solutions, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Barbara Kissinger, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> WMC IV TRS, LLC DBA WOODBURY MEWS, Experian, Equifax Information Services LLC and Trans Union Consumer Solutions, <br><br> Defendants. | Civil Action No. _____ |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Experian Information Solutions, Inc. ("Experian") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and removes this civil action from the Superior Court of the State of New Jersey, Gloucester County, where it is now pending as Docket No. GLO-L-001146-20, to the United States District Court for the District of New Jersey. In support of this Notice, Experian states the following grounds:

1. An action was filed by Plaintiff Barbara Kissinger ("Plaintiff") in the Superior Court of the State of New Jersey, Gloucester County, entitled *Barbara Kissinger v. WMC IV TRS, LLC DBA Woodbury Mews, Experian, Equifax Information Services LLC and Trans Union Consumer Solutions*, Docket No. GLO-L-001146-20 (the "State Court Action").

2. Experian was served with the Summons and Complaint on or about October 22, 2020.

3. This Notice is being filed with this Court within thirty (30) days after Experian received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based, pursuant to 28 U.S.C. § 1446(b).

4. A copy of all process, pleadings, and orders served upon Experian in the State Court Action is attached hereto as Exhibit A, pursuant to 28 U.S.C. § 1446(a).

5. Woodbury Mews (improperly pleaded as WM IV TRS d/b/a/ Woodbury Mews, *see* Exhibit B) and Equifax Information Services LLC ("Equifax") and consent to the removal of this action (attached as Exhibit C).

6. This Court is the proper district court for removal because the State Court Action is pending within this district.

7. This Court has original jurisdiction over this case pursuant to 28 U.S.C. §§ 1141(a) and 1453 on the grounds of diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d) because, as explained in further detail below, this is a class action in which (i) the proposed class includes at least 100 members, (ii) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and (iii) at least one member of Plaintiff's proposed class and one Defendant are citizens of different states.

### The Proposed Class Far Exceeds 100 Individuals

8.  Plaintiff alleges that the class consists of "thousands" of persons.  Compl. at ¶ 64.  Thus, per the allegations on the face of the complaint, the class consists, at a minimum, of 2,000 persons, which exceeds the requirement for a proposed class of at least 100 members under CAFA.  §1332(d)(2).

### Amount in Controversy Far Exceeds $5 Million

9.  Plaintiff pleads that her monthly rental payments for an apartment at Woodbury Mews during the class period were $2,670.00.  Compl. at Exhibit 3.  This monthly rent of $2,670 was approximately the same monthly rent that was charged to other residents with similarly-sized, independent living apartments at Woodbury Mews during the class period.  *See* Certification of Annette Simmons ("Simmons Cert."), at ¶ 4 (attached as Exhibit B).

10. Plaintiff's first cause of action seeks relief under the New Jersey Consumer Fraud Act ("CFA"), which permits treble damages and attorneys' fees.  N.J. Stat. Ann. § 56:8–19.

11. Plaintiff's third cause of action seeks relief under the New Jersey Fair Credit Reporting Act ("NJ FCRA"), which also permits attorneys' fees.  N.J.S.A. 56:11-38.

12. Plaintiff is seeking a "refund of all monies paid" plus "treble damages" and "attorney's fees."  Compl. at ¶ 98.

13. "[T]he claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000."  § 1332(d)(6); *Hoffman v. DSE Healthcare Sols., LLC*, 2014 WL 1155472, at *2 (D.N.J. Mar. 21, 2014) (the court must estimate "the actual aggregate losses of the individuals in the proposed class").  All remedies available under a statutory cause of action should be aggregated to determine the jurisdictional amount in controversy.  *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 563 (D.N.J.

2009) (aggregating attorneys' fees) (*citing Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)); *Lee v. Central Parking Corp.*, 2015 WL 4510128, at *12 (D.N.J. July 24, 2015) (aggregating the attorneys' fees under the NJ FCRA); *Grace v. T.G.I. Fridays, Inc.*, 2015 WL 4523639, at *4-8 (D.N.J. July 27, 2015) (aggregating treble damages and attorneys' fees available under the CFA); *Hoffman*, 2014 WL 1155472, at *2.

14. Given that Plaintiff pleads a class size of at least 2,000 similarly-situated individuals, and artificially limiting the claimed damages to only **one month** of rent per class member at a rent similar to Plaintiff's monthly rent of $2,670.00, this equates to a total refund of $5,340,000. Treble damages would be $16,020,000. Attorney's fees would increase the amount in controversy well beyond $16,020,000. Using a yearly rental figure per class member, the amount of claimed damages would be exponentially higher. Based upon Plaintiff's own allegations, the amount in controversy easily exceeds the sum or value of $5,000,000.

15. Plaintiff's assertion that she does not seek damages greater than $5 million (Compl. at ¶ 85) may not be considered when determining whether the amount in controversy has been met for removal jurisdiction under CAFA. *Hoffman*, at *2 (it is not sufficient for the complaint to "expressly disclaim[] the $5 million jurisdictional amount" and the court must estimate "the actual aggregate losses of the individuals in the proposed class"); *Grace v. T.G.I. Fridays, Inc.*, 2015 WL 4523639, at *4-8 (D.N.J. July 27, 2015). "[A] plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified" and "[b]ecause his precertification stipulation does not bind anyone but himself, [Plaintiff] has not reduced the value of the putative class members' claims." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013).

**Minimal Diversity of Citizenship Exists**

16. Plaintiff resides at 370 Grove Avenue, West Deptford, New Jersey 08086. Compl. at ¶ 6.

17. Experian's principal place of business is in Costa Mesa, California. Experian's headquarters is located at 475 Anton Blvd, Costa Mesa, CA 92626.

18. Equifax's principal place of business is in Atlanta, Georgia. Equifax's headquarters is located at 1550 Peachtree Street NW, Atlanta, GA 30309.

19. Trans Union's principal place of business is in Chicago, Illinois. Trans Union's headquarters is located at 55 W. Adams Street, Chicago, IL 60661.

20. Watermark Retirement Communities, LLC, a Delaware limited liability company and successor-by conversion to Watermark Retirement Communities, Inc. ("Watermark"), manages Woodbury Mews. Simmons Cert., at ¶ 3. Watermark manages retirement communities throughout the United States and Woodbury Mews is one of the many retirement communities in Watermark's management portfolio. *Id*. Watermark's principal place of business is Tucson, Arizona. Watermark's officers and key management, i.e., the nerve center for its corporate operations, are primarily located in Tucson, Arizona. *Id*. Watermark's headquarters is located at 2020 West Rudasill Road, Tucson, Arizona 85704. *Id*.

21. Accordingly, at least one member of Plaintiffs' class and one Defendant are citizens of different states. §1332(d)(2)(A).

22. Promptly after the filing of this Notice of Removal, Experian shall provide notice of the removal to Plaintiff in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

Dated: November 20, 2020            Respectfully submitted,

           */s/ Dorothy Kowal*
Dorothy Kowal
Price, Meese, Shulman & D'Arminio, P.C.
50 Tice Boulevard
Woodcliff Lake, NJ 07677
Telephone: (201) 391-3737
Facsimile: (201) 391-9360
Email: dkowal@pricemeese.com

*Attorneys for Experian Information Solutions, Inc.*

To    Lewis G. Adler, Esq.
Law Offices of Lewis G. Adler
26 Newton Avenue
Woodbury, NJ 08096
(856) 845-1968
*Attorney for Plaintiff*

- 6 -

## **CERTIFICATE OF SERVICE**

I, Dorothy Kowal, certify that on November 20, 2020, I caused the foregoing to be filed with the Clerk of the Court and served on all counsel of record.

*/s/ Dorothy Kowal*
Dorothy Kowal

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*
